**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
ISLAS RENE, OMAR HERNANDEZ, and
GUSTAVO VIDALS RIOS
                 *Plaintiffs*,

     -against-
BBR CONTRACTING CORP.,
             *Defendant.*
-------------------------------------------------------X

Civil Action No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

ISLAS RENE, OMAR HERNANDEZ, and GUSTAVO VIDALS RIOS ("Plaintiffs") by and through their attorney, Naydenskiy Law Firm, LLC, upon their knowledge and belief, and as against BBR CONTRACTING CORP. ("Defendant"), allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs are former employees of BBR CONTRACTING CORP. at 163 22nd St, Brooklyn, NY 11232.

2. Defendant is a contracting company located at 163 22nd St, Brooklyn, NY 11232.

3. Plaintiffs were employed as roofers.

4. At all times relevant to this Complaint, Plaintiffs worked for Defendant in excess of 40 hours per week without appropriate overtime compensation for the hours they worked each week over 40 hours.

5. Further, Defendant failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

1

6. Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff RENE ("Plaintiff RENE") was employed by Defendant from approximately 2006 or 2007 until on or about October 9, 2021.

10. Plaintiff OMAR HERNANDEZ ("Plaintiff HERNANDEZ") was employed by Defendant from approximately April or May 2017 until on or about April 2021.

11. Plaintiff GUSTAVO VIDALS RIOS ("Plaintiff RIOS") was employed by Defendant from approximately June 2018 until on or about October 2020.

12. BBR CONTRACTING CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 163 22nd St, Brooklyn, NY 11232.

13. Defendant possessed substantial control over Plaintiffs working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

14. Defendant employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

15. At all relevant times, Defendant was Plaintiffs employer within the meaning of the FLSA and New York Labor Law.

16. Upon information and belief, in each year from 2006 to 2021, Defendant, had a gross annual volume of revenue of not less than $500,000.

## PLAINTIFF ISLAS RENE

17. Throughout his employment, for six months of each year, Plaintiff RENE worked Mondays through Saturdays, six (6) days a week. Plaintiff RENE worked Mondays through Thursdays from 7:00 AM until 5:00 P.M. Fridays from 7:00 AM until 5:30 PM to 6:00 PM, and Saturdays from 7:00 AM until 5:00 PM, (60.50 to 61hours).

18. Additionally, during 2018, Plaintiff RENE was required to work upstate, he was required to come into the shop at 6:00am to load materials needed and would then go to the job site. Accordingly, Plaintiff RENE worked from 6:00am. Plaintiff RENE left the job site at approximately 5pm.

19. Defendants paid Plaintiff $200 per day with no premium for overtime hours worked.

20. Throughout his employment, Plaintiff was paid in cash.

21. No proper notification was given to Plaintiff RENE regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

22. Defendants never provided Plaintiff RENE with each payment of wages a proper statement of wages, as required by NYLL 195(3).

23. Defendants failed to provided Plaintiff RENE all of the proper and complete notices in English and in Spanish (Plaintiff RENE's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## PLAINTIFF OMAR HERNANDEZ

24. Throughout his employment, for six months of each year, Plaintiff HERNANDEZ worked Mondays through Saturdays, six (6) days a week. Plaintiff HERNANDEZ worked Mondays through Thursdays from 7:00 AM until 5:00 PM, Fridays from 7:00 AM until 5:30 PM to 6:00 PM, and Saturdays from 7:00 AM until 5:00 PM, (60.50 to 61hours).

25. During 2018, Plaintiff HERNANDEZ was required to work upstate, he was required to come into the shop at 6:00am to load materials needed and would then go to the job site. Accordingly, Plaintiff HERNANDEZ worked from 6:00am. Plaintiff HERNANDEZ left the job site at approximately 5pm.

26. Throughout his employment, for six months of each year, Defendants paid Plaintiff $18 an hour for 4.5 months and $15 an hour for 1.5 months with no premium for overtime hours worked.

27. Throughout his employment, Plaintiff was paid in cash.

28. No proper notification was given to Plaintiff HERNANDEZ regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

29. Defendants never provided Plaintiff HERNANDEZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

30. Defendants failed to provided Plaintiff HERNANDEZ all of the proper and complete notices in English and in Spanish (Plaintiff HERNANDEZ's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## PLAINTIFF GUSTAVO VIDALS RIOS

31. Throughout his employment, for six months of each year, Plaintiff RIOS worked Mondays through Saturdays, six (6) days a week. Plaintiff RIOS worked Mondays through Thursdays from 7:00 AM until 5:00 PM, Fridays from 7:00 AM until 5:30 PM to 6:00 PM, and Saturdays from 7:00 AM until 5:00 PM, (60.50 to 61hours).

32. During 2018, Plaintiff RIOS was required to work upstate, he was required to come into the shop at 6:00am to load materials needed and would then go to the job site. Accordingly, Plaintiff RIOS worked from 6:00am. Plaintiff RIOS left the job site at approximately 5pm.

33. Defendants paid Plaintiff $170 per day with no premium for overtime hours worked.

34. Throughout his employment, Plaintiff was paid in cash.

35. No proper notification was given to Plaintiff RIOS regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

36. Defendants never provided Plaintiff RIOS with each payment of wages a proper statement of wages, as required by NYLL 195(3).

37. Defendants failed to provided Plaintiff RIOS all of the proper and complete notices in English and in Spanish (Plaintiff RIOS's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

38. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

39. Defendant, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

40. Defendant's failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

41. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

42. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

43. Defendant, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44. Defendant's failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

45. Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE
### REQUIREMENT OF THE NEW YORK LABOR LAW

46. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

47. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

48. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

49. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

50. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

51. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendant's violation of the provisions of the FLSA were willful as to the Plaintiffs;

(d) Awarding Plaintiffs damages for the overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(a) Declaring that Defendant's violations of the New York Labor Law were willful as to Plaintiffs;

(b) Enjoining Defendants from future violations of the NYLL;

(c) Awarding Plaintiff damages for the amount of overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(d) Awarding Plaintiffs damages for Defendant's violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(e) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(f) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(g) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(h) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(i) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 31, 2021

By: */s/ Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201

9


Case 1:21-cv-06110 Document 1 Filed 11/03/21 Page 10 of 14 PageID #: 10
Spotswood, NJ, 08884
718-808-2224
*Attorney for Plaintiffs*

# EXHIBIT A

Soy empleado actual o anterior de BBR CONTRACTING CORP., y/o entidades/individuos relacionados. Por la presente, Yo acepto y acuerdo ser parte Demandante en la presente Acción para obtener resarcimiento por las violaciones de la Ley de Normas Razonables de Trabajo, de conformidad con el Código de los Estados Unidos ("U.S.C.", por sus siglas en inglés), Título 29, 216(b).

Por la presente designo a Naydenskiy Law Firm, LLC para que me representen en esta Acción y, además, acepto y acuerdo entablar esta demanda en nombre de todos aquellos en una situación similar, si fuera necesario.

Fecha  10/12/2021

Omar Hernández Aguila
_____
Firma

omar Hernandez Aguila
_____
Nombre completo (nombre en letra imprenta)

Soy empleado actual o anterior de BBR CONTRACTING CORP., y/o entidades/individuos relacionados. Por la presente, Yo acepto y acuerdo ser parte Demandante en la presente Acción para obtener resarcimiento por las violaciones de la Ley de Normas Razonables de Trabajo, de conformidad con el Código de los Estados Unidos ("U.S.C.", por sus siglas en inglés), Título 29, 216(b).

Por la presente designo a Naydenskiy Law Firm, LLC para que me representen en esta Acción y, además, acepto y acuerdo entablar esta demanda en nombre de todos aquellos en una situación similar, si fuera necesario.

Fecha 10/11/2021

*Rene islas*

Firma

RENE ISLAS

Nombre completo (nombre en letra imprenta)

Soy empleado actual o anterior de BBR CONTRACTING CORP., y/o entidades/individuos relacionados. Por la presente, Yo acepto y acuerdo ser parte Demandante en la presente Acción para obtener resarcimiento por las violaciones de la Ley de Normas Razonables de Trabajo, de conformidad con el Código de los Estados Unidos ("U.S.C.", por sus siglas en inglés), Título 29, 216(b).

Por la presente designo a Naydenskiy Law Firm, LLC para que me representen en esta Acción y, además, acepto y acuerdo entablar esta demanda en nombre de todos aquellos en una situación similar, si fuera necesario.

Fecha 10/14/2021

_____
Firma

gustavo vidals ríos
_____
Nombre completo (nombre en letra imprenta)